OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

This case involves a minor[1] who was adjudicated delinquent and ordered to pay restitution in the amount of $3,651.64 to the victims of his wrongful acts, including breaking and entering and theft. The Children’s Court took note of the minor’s mother’s employment and income as assurance that the minor would be able to pay the restitution because his mother could *447 afford to help him pay. The minor appeals from the court’s decision ordering the minor and his mother to pay the restitution.
Appellant alleges that the Children’s Court erred in finding that the parent of a juvenile delinquent could be held responsible for payment of restitution for the child’s wrongful acts. Appellant claims that Ordinance 35 dearly states that the court can order restitution only if assurance is obtained that the minor, and not his parent(s), will be responsible for making the payment and that the Children’s Court ruled in direct conflict with this provision in holding the mother responsible.

ISSUE ON APPEAL

1. Does Ordinance 35 grant the Children’s Court the authority to hold a parent or guardian responsible to pay restitution for acts committed by a juvenile offender?

DISCUSSION

The Children’s Code mandates that “the Court shall give consideration to the due regard for tribal or family customs relative to the discipline of the children.” Hopi Ordinance 35, Ch. 3, See. I, part 3(a). This Court hereby takes judicial notice that one such custom involves responsibility for one’s actions, including parental responsibility for the misdeeds of children.
However, the drafters of Ordinance 35 have gone on to set forth a list of “preferred dispositions,” and they have specified the restrictions for each one. The restitution provision clearly states that the court may order the minor to pay restitution “[i]f the Children’s Court has assurance that the responsibility to make payments will rest on the minor, and not his parent(s)-” Id,, part 3(b)(vi).
Preference should be given to an interpretation of the statute that does not render these two provisions in conflict. Therefore, this Court must assume that the drafters of this Code were aware of the above-noted custom and chose to preempt it in certain situations. Hopi prece-dential order of authority places Hopi ordinances over Hopi custom. Hopi Resolution H-12-76, Sec. 2(a); Hopi Indian Credit Association v. Thomas, CIV-020-84, AP-001-84 (1996), 3-4. If the restitution provision was not intended to override Hopi custom, it is the responsibility of Tribal Council to amend it.
Judges have the discretion to choose other options not listed in the “preferred options,” but where a judge decides to adopt one of the suggested dispositions, she must follow the restrictions set forth in the Children’s Code. Thus, the court erred in holding the minor’s mother responsible for the restitution payment.
Due to the specific nature of each disposition option, this decision is limited to the facts of the case at hand.

ORDER OF THE COURT

The decision is hereby VACATED and REMANDED to the Children’s Court for disposition consistent with this opinion.

. Appellant was a minor at the time of his offense and at the time of his disposition hearing, but he is now over 18. The Children’s Court still has jurisdiction over him because his 18 months of probation have not yet expired.